# **<u>EXHIBIT 1</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| KELLIE A. ARTHUR,<br>individually and on behalf of all<br>others similarly situated, | ) ) ) | |
| | ) | Case No.  09-cv-1409 |
| Plaintiff, | ) ) | Judge Jack Zouhary |
| v. | ) ) | |
| NATIONAL CITY BANK, | ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement (the "Agreement") dated as of March 17, 2010 is entered into, in consideration of good and valuable consideration and subject to Court final approval, by and between Kellie A. Arthur, James T. Buechler, Chana Friedman-Katz, and Paul Greiff (the "Class Representatives" or "Plaintiffs"), on behalf of themselves and the Class members as defined herein, with the assistance and approval of Class Counsel, on the one hand, and PNC Bank, National Association (the "Bank" or "Defendant"), with the assistance of its counsel of record in the Litigation, on the other hand, that, as among the Settling Parties, including all Class Members, the Litigation and the Released Claims shall be fully and finally compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties upon the terms and conditions as set forth herein.

WHEREAS, the Litigation was commenced by Plaintiffs, individually and on behalf of an alleged class of persons and such Litigation is currently pending;

WHEREAS, in the Litigation, Class Representatives allege that Defendant violated the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq*., by failing to provide certain allegedly required notice of automated teller machine ("ATM") fees on the ATMs at Issue;

WHEREAS, Class Representatives and Bank agree that it is desirable that the Litigation be settled upon the terms and conditions set forth below to avoid further expense and uncertain, burdensome and potentially protracted litigation and to resolve all claims that have been or could have been asserted; and

WHEREAS, the Settling Parties have engaged in arms-length settlement negotiations, and Class Counsel represent that they have otherwise conducted a thorough study and investigation of the law and the facts relating to the claims that have been or might have been asserted in the Litigation and have concluded, taking into account the benefits that Class Representatives and the Class Members will receive as a result of this Agreement and the risks and delays of further litigation, that this Agreement is fair, reasonable and adequate and in the best interests of Class Representatives and the Class.

NOW THEREFORE, intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set forth in this Agreement, the Settling Parties agree, subject to the approval of the Court and the provisions contained in this Agreement, that the Litigation and the Released Claims against any Bank Releasees are fully and finally compromised, settled and released, and that the Litigation shall be dismissed with prejudice as follows:

1.     **Conditional Nature of Agreement.**  This Agreement and Release, including all associated exhibits and attachments, is made for the sole purpose of attempting to consummate settlement of this Litigation on a class-wide basis.  The Agreement is made in compromise of disputed claims.  The Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions set forth in this Agreement.  Because the Litigation is being settled as a class action, this settlement must receive preliminary and final approval by the Court.  Accordingly, the Settling

2

Parties enter into this Agreement and associated settlement on a conditional basis subject to and contingent upon the final approval of the Court.

      2.      **Effect of Disapproval**.  In the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become Final for any reason, this Agreement shall be deemed null and void *ab initio,* it shall be of no force or effect whatsoever (except regarding the return of funds as indicated in this Agreement), it shall not be referred to or utilized for any purpose whatsoever, and any negotiations, terms and entry of the Agreement shall remain subject to the provisions of Federal Rule of Evidence 408 and any similar state law.

      3.      **Denial of Liability; No Admissions.**  The Bank denies all of the claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the class action allegations asserted in the Litigation.  Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by the Bank of any legal violations, any legal requirement or any failure to comply with any applicable law.  Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of the Bank or any Bank Releasees or to establish any condition constituting a violation of or non-compliance with federal, state, local or other applicable law, or the propriety of class certification in any proceeding or action.  The Settling Parties expressly agree and represent that, in the event that the Court does not approve the Agreement, or any appellate court disapproves of the Agreement in any way that prevents the settlement from becoming final and effective, no Party will use or attempt to use any conduct or statement of any other Party in connection with this Agreement or any effort to seek approval of the settlement to affect or prejudice any other Party's rights in any ensuing litigation.  The Bank has agreed to resolve this Litigation through this Agreement, but to the extent this Agreement is deemed void or the Effective Date does not occur, the Bank does not waive, but rather expressly reserves, all rights to challenge all such

claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges. The Bank expressly reserves all rights and defenses as to any claims and does not waive any such rights or defenses in the event that the Agreement is not approved for any reason. The Class Representatives and Class Counsel agree that the Bank and the Bank Releasees retain and reserve these rights and agree not to take a position to the contrary; specifically the Class Representatives and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that the Bank could not contest class certification on any grounds if this Litigation were to proceed.

The Bank recognizes, without admission and subject to the terms herein, that the Class Representatives and Class Counsel believe that the Bank violated the Electronic Fund Transfer Act. The Bank further recognizes, without admission and subject to the terms herein, that the Class Representatives and Class Counsel believe that if the case were to proceed to judgment Plaintiffs would be awarded the maximum damages provided by the Act. If the Agreement is not approved for any reason, the Plaintiffs may seek the maximum relief provided for in the Act and the Bank, subject to its rights, interests, and defenses, agrees not to use this Agreement to support an argument that a lesser award is appropriate.

4.  **Definitions.**

As used in all parts of this Agreement, the following terms have the meanings specified below:

4.1  "Agreement" means this Agreement and Release, and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the settlement between them and which is subject to Court approval.

4.2  "ATMs at Issue" means the automated teller machines operated by PNC Bank, National Association or ATMs previously operated by National City Bank or both.

4.3  "ATM Notice" means the notice to Class Members in the form shown in Exhibit B3 to this Agreement.

4

4.4     "Bank" means PNC Bank, National Association.

4.5     "Bank Counsel" means the law firm of Ulmer & Berne, LLP.

4.6     "Bank Releasees" means the Bank, each of its current and former affiliates (including, but not limited to, any parents and subsidiaries), each of the foregoing's predecessors, successors, divisions, joint ventures and assigns, including, but not limited to, National City Bank, and each of any of the foregoing's past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives.

4.7     "Class" means the collective group of those persons who were not banking customers of National City Bank and/or PNC Bank, National Association and who were charged or assessed any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at any of the ATMs at Issue that did not bear an on-machine fee disclosure decal at any point in time between March 16, 2008 through the Preliminary Approval Date.

4.8     "Class Counsel" means the law firms of Carlson Lynch Ltd.; The Law Office of Steven D. Bell; The Law Offices of E. David Hoskins, LLC; and Edelman, Combs, Latturner & Goodwin, LLC.  Carlson Lynch Ltd. shall serve as Lead Class Counsel for purposes of effectuating this settlement.

4.9     "Class Member" or "Member of the Class" means a person who is a member of the settlement Class under Federal Rule of Civil Procedure 23, regardless of whether he or she has submitted a claim form, who does not submit a valid and timely request for exclusion or "opt-out" from the Class in accordance with the terms of this Agreement.

4.10    "Class Notice" means the Summary Notice, Internet Notice and ATM Notice to be approved by the Court substantially in the form attached hereto as Exhibits B1, B2 and B3.

4.11    "Class Period" means March 16, 2008 through the Preliminary Approval Date, inclusive.

4.12    "Court" means the United States District Court for the Northern District of Ohio, Northern Division.

4.13    "Effective Date" means the date on which the Judgment becomes Final.

4.14    "Final" means the latest of: (i) the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) the date of final affirmance of the last pending appeal of the Judgment.

4.15    "Internet Notice" means the notice to Class Members in the form shown in Exhibit B2 to this Agreement.

4.16    "Judgment" means the judgment to be rendered by the Court pursuant to this Agreement substantially in the form as Exhibit D to this Agreement.

4.17    "Lead Class Counsel" means the law firm of Carlson Lynch Ltd.

4.18    "Litigation" or the "Lawsuit" means the lawsuits captioned *Kellie A. Arthur, individually and on behalf of all others similarly situated, v. National City Bank*, United States District Court for the Northern District of Ohio, Civil Action No. 09-cv-1409; *James T. Buechler, individually and on behalf of all others similarly situated, v. PNC Bank, National Association*, United States District Court for the Northern District of Ohio, Civil Action No. 10-cv-0075; *Chana Friedman-Katz, individually and on behalf of all others similarly situated, v. PNC Bank, National Association*, United States District Court for the Northern District of Ohio, Civil Action No. 10-cv-0418; and *Paul Greiff, individually and on behalf of all others similarly situated, v. PNC Bank, National Association*, United States District Court for the Northern District of Ohio, Civil Action No. 10-cv-0067.

4.19    "Notice of Objection" means any written objection to this Agreement that is filed with the United States District Court for the Northern District of Ohio as set forth in Section 5.4.3. of this Agreement.

4.20    "Notice Publication Deadline" means the deadline for publication of the Summary Notice (15) days after the Preliminary Approval Date.  This same deadline shall apply for the posting of internet notice and ATM Notice.

4.21    "Notice Response Deadline" means the date forty-five (45) days after the Class Notice is first published to the Class Members.

4.22    "Opt-out Request" means a request by a Class Member to exclude him or herself from the Lawsuit and the Class.    Any Opt-out Request must comply with the requirements set forth in Section 5.4.2 of this Agreement.

4.23    "Order of Final Approval" or "Order Granting Final Approval of Settlement" means an order to be entered and filed by the Court entitled "Order Granting Final Approval of Settlement" substantially in the form attached hereto as Exhibit C.

4.24    "Participating Claimant" or "Participating Claimants" means each Member of the Class who properly and timely submits a Qualifying Settlement Claim Certification Form in response to the Class Notice.

4.25    "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

4.26    "Preliminary Approval Order" means an order to be executed and filed by the Court entitled "Order Granting Preliminary Approval" substantially in the form attached hereto as Exhibit A.

4.27    "Qualifying Settlement Claim Certification Form" means a Settlement Claim Certification Form that is completed, properly executed and timely returned to Class Counsel, postmarked within one-hundred and twenty (120) days from the first date of publication of Class Notice.  The Bank shall have the right to verify and challenge that each claim submitted is valid in that it reflects a use of one of the ATMs at Issue that did not bear an on-machine fee disclosure decal at any point in time during the Class Period and for which usage the Class Member was charged a transaction fee by the Bank.  As set forth in the Claim Form, any person who submits a Claim associated with an ATM machine that is not on the list of those particular

ATM machines agreed upon by Class Counsel and Bank Counsel to have been missing an on-machine fee disclosure decal at any point in time during the Class Period will be required to submit verification that the ATM machine associated with his or her transaction did not bear an on-machine fee disclosure decal at the time of his or her transaction. Class Counsel shall be apprised of any claim being challenged by the Bank and the parties, through their counsel, shall meet and confer in an attempt to resolve any challenged claim.

4.28 "Released Claims" means, individually and collectively, any and all claims (including without limitation Unknown Claims as defined herein), demands, rights, liabilities and causes of action of every nature and description whatsoever, including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, contingent or vested, of any member of the Class against the Bank Releasees, or any of them, that accrued, had accrued, or could have accrued at any time on or prior to the Preliminary Approval Date for any type of relief whatsoever, including, without limitation, compensatory damages, treble damages, unpaid costs, penalties, statutory damages, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, rescission, or equitable relief, based on any and all claims which are or could have been raised in the Litigation either individually or on a class-wide basis or which arise out of or are in any way related to: (i) the Bank's alleged failure to provide adequate notice or disclosure as may be required by applicable law at any of the ATMs at Issue; (ii) the charging, collection or assessment of any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at any of the ATMs at Issue between March 16, 2008 through the Preliminary Approval Date, inclusive; and (iii) any purported violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, or any consumer protection statute, or omission, incorrect disclosure, representation or misrepresentation, unfair business or trade practice that in any way relates to or arises from any disclosure or non-disclosure or the charging, collection or assessment of any

8

transaction fee at any of the ATMs at Issue between March 16, 2008 through the Preliminary Approval Date.

4.29    "Settlement Claim Certification Form" means the form attached as Exhibit B4.

4.30    "Settlement Fund" means the interest bearing escrow account that will be established at NextTier Bank for the benefit of Class Members.  The Settlement Fund will operate as outlined in Section 5.1.1 of this Agreement.

4.31    "Settlement Hearing" or "Fairness Hearing" means a hearing set by the Court to take place no earlier than ninety (90) days after entry of the Preliminary Approval Order for the purpose of (i) determining the fairness, adequacy and reasonableness of the Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering Judgment.  Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(d), an order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under 28 U.S.C. § 1715(b).

4.32    "Settling Parties" or "Parties" means the Bank and the Class Representatives on behalf of themselves and any and all Class Members.

4.33    "Summary Notice" means the notice to Class Members in the form shown in Exhibit B1 to this Agreement.

4.34    "Unknown Claims" means any Released Claims which the Class Representatives or any Class Member does not know or suspect to exist in his, her or its favor at the time of the entry of the Judgment, and which, if known by him, her or it might have affected his, her or its settlement with and release of the Bank Releasees. The Class Representatives and each Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representatives and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and

9

released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, regulation or rule, without regard to the subsequent discovery or existence of such different or additional facts.    The Class Representatives acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

     5.    **The Settlement.**

       5.1    *Consideration to Settlement Class Members.*

          5.1.1    Within (15) fifteen days of the date on which a Preliminary Approval Order is entered, the Bank shall pay FOUR HUNDRED AND SEVENTY THOUSAND DOLLARS ($470,000.00) to establish a Settlement Fund for the benefit of Class Members. This amount shall be paid into an interest bearing escrow account at NexTier Bank, consistent with instructions to be provided by Lead Class Counsel and agreed to by the Bank. Interest on the account shall accrue on behalf of the Class for the period of time between the date of initial deposit and the Effective Date. The Settlement Fund shall be used to pay all Qualifying Settlement Claims, the Attorneys' Fees and litigation costs of Class Counsel, the Class Representatives' individual enhancements and the costs of administration and publication of Summary Notice. If the Effective Date does not occur, all principal and interest, except expenses in connection with the creation, maintenance and administration of the Settlement Fund and the dissemination of notice of the settlement to the Settlement Class not to exceed $27,000.00, shall be returned to the Bank, consistent with instructions to be provided by counsel for the Bank. NextTier Bank shall not disburse any portion of the Settlement Fund to anyone, including Plaintiffs or Class Counsel, until the Court has entered its order giving final approval of the Agreement, except that after the Court issues a preliminary approval order but prior to the final

approval of the settlement, portions of the Settlement Fund may be used to pay routine expenses in connection with the creation, maintenance, and administration of the Settlement Fund and the dissemination of notice of the settlement to the Settlement Class.

        5.1.2      Commencing  ten (10) days after the Effective Date, the above amount (i.e. the Settlement Fund less attorneys fees and litigation costs of Class Counsel, the individual enhancements of the Class Representatives, the costs of administration and the publication of Summary Notice) shall be disseminated by Lead Class Counsel (subject to approval of the Bank) to Participating Claimants on a *pro rata* basis; provided, however, that no Class Member shall receive a settlement payment in excess of ONE HUNDRED DOLLARS ($100.00).  Class Members shall only be entitled to one settlement payment, irrespective of the number of impacted transactions that a given Class Member negotiated at one or more of the ATMs at Issue during the Class Period.  The only Class Members entitled to any payment under this Agreement and the associated Judgment are Participating Claimants.  To the extent that the Bank challenges the right of a Participating Claimant to collect from the Settlement Fund, payments to the challenged Participating Claimant(s) will be withheld until an audit of the challenged claim is completed.

        5.1.3      Any money remaining in the Settlement Fund, if any, after payments are made pursuant to Paragraph 5.1.2 shall revert back to the Bank.  However, the Bank shall reduce the user fee for transactions at ATMs it designates amongst the ATMs at Issue for a period commencing on the effective date of the settlement and ending at a time when the total "discounts" equal the amount reverted back to the Bank.  The Bank may exercise its sole discretion to determine the amount of the fee reduction at each designated ATM, but agrees that fee reductions will amount to at least $1.00 per transaction.

        5.2      *Court Approval of Notice to the Class; Settlement Hearing.*

        5.2.1      The Class Representatives and the Bank, through their counsel of record in the Litigation, shall file this Agreement with the Court, and Class Representatives shall move for (and the Bank shall not oppose) preliminary approval of this Agreement,

conditional certification of the Class, and the form and manner of Class Notice.  Through this submission and a supporting motion, the Class Representatives, through Class Counsel, will request (and Bank shall not oppose) that the Court enter the Preliminary Approval Order thereby scheduling the Settlement Hearing for the purposes of determining the fairness, adequacy and reasonableness of the settlement, granting final approval of the settlement, granting final approval of this Agreement and entering Judgment.

5.2.2    If the Court enters the Preliminary Approval Order, then at the resulting Settlement Hearing, the Class Representatives and the Bank, through their counsel of record, shall address any written objections from Class Members or any concerns from Class Members who attend the hearing as well as any concerns of the Court, if any, and Class Representatives shall and hereby do, unless provided otherwise in this Agreement, stipulate to (and Bank shall and does not oppose) final approval of this Agreement and entry of the Judgment by the Court.

5.3    *Notice to Class Members.*

5.3.1    If, by entering the Preliminary Approval Order, the Court provides authorization to publish the Class Notice to Class Members, the Bank, through its agents or counsel of record, will cause the publication of the ATM Notice, as is discussed further below, and Lead Class Counsel shall cause the publication of the Summary Notice and the Internet Notice. A copy of the proposed Class Notice is appended to this Agreement as Exhibits B1, B2 and B3.

5.3.2    Summary Notice shall be published one time in the Tuesday edition of the appropriate regional edition of the USA Today as determined by Lead Class Counsel. ATM Notice shall be displayed on the following ATMs for a period of (45) forty-five days, commencing on the Notice Publication Deadline: 300 Halket Street, Pittsburgh, PA; 555 N. Main Street, Navarre, Ohio; and the Giant Food Grocery Stores identified as Store Numbers 103, 124, 131, 143, 145, 159, 243, 317, 329, 330, 353, 362, 364, 795, 166. Internet Notice shall be displayed on a website hosted by Lead Class Counsel for a period of (45) forty-five days,

commencing on the Notice Publication Deadline, at the following internet address: www.carlsonlynch.com.

5.3.3     *CAFA Notice*.  The Bank, through its counsel, shall send notice of the proposed class action settlement to the appropriate Federal official and the appropriate State official, if any, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, within 10 days after the proposed settlement is filed with the Court.

5.3.4     The Bank shall be responsible for paying all costs of ATM Notice; Class Counsel shall be responsible for paying all costs of publishing Summary Notice and Internet Notice out of the Settlement Fund.

5.4     *Responses to the Notice Re: Pendency of Class Action; Motion for Final Approval.*

5.4.1     Class Members have the option to participate in this Lawsuit at their own expense by obtaining their own attorney(s).  Class Members who choose this option will be responsible for any attorney fees or costs incurred as a result of this election.  The Class Notice will advise Class Members of this option.

5.4.2     Class Members (other than Class Representatives) may elect to "opt out" of the settlement and thus exclude themselves from the Lawsuit and the Class.  Class Members who wish to exercise this option must do so in writing by mail postmarked on or before the Notice Response Deadline.  Any opt-out request must be mailed to Lead Class Counsel and must include the following information:  (1) the name of the Class Member, (2) the current address of the Class Member, and, (3) the date signed.  Any opt-out must be mailed to Lead Class Counsel and postmarked no later than the Notice Response Deadline.  Lead Class Counsel must forward all opt-out requests to Bank Counsel within (10) ten days of the Notice Response Deadline.  Those Class Members who do not opt out of the settlement in a manner consistent with the conditions just described will be deemed to have forever waived their right to opt out of the Class and this Agreement.  If more than 2.5% of eligible Class Members opt-out of

the Class and this Agreement, the Bank shall have the option of terminating the Agreement at its sole discretion. If the Bank exercises this option, which it must do within two weeks of receipt of the opt-out requests from Lead Class Counsel, the Agreement shall be deemed null and void *ab initio*.

    5.4.3    Class Members may also object to this Agreement by filing a Notice of Objection, together with any supporting papers, with the United States District Court for the Northern District of Ohio no later than the Notice Response Deadline. Lead Class Counsel and Bank Counsel must also be served with copies of the objections, postmarked no later than the Notice Response Deadline. The Class Notice shall advise Class Members of this option. Lead Class Counsel shall immediately provide any such objections to the Bank and subsequently the Court in the final approval process. Any Class Member who does not object to the settlement in the manner just described shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed settlement or any provision of this Agreement.

    5.4.4    Prior to the Settlement Hearing and consistent with the rules established by the Court, the Class Representatives shall move (and Bank shall not oppose) the Court for entry of the Order of Final Approval (and the associated entry of Judgment). Also prior to the Settlement Hearing, Lead Class Counsel shall file a Motion for Fees and Costs, consistent with this Agreement. The Class Representatives and Class Counsel shall be responsible for justifying the agreed upon payments set forth in this Agreement. To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Settlement Hearing. The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval. If the Court rejects the this Agreement, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Agreement shall be void *ab initio*, and Class Counsel shall cause all moneys held in escrow to be returned to the Bank.

5.5     *Timing of Payment to Participating Claimants and Notice of Final Approval to Settlement Class Members.*

5.5.1     Subject to the limitation governing challenged claims set forth in Section 5.1.2, commencing ten (10) days after the Effective Date, Class Counsel shall provide to each Participating Claimant his or her settlement payment.

5.5.2     Following the dissemination of settlement payments to Participating Claimants, Lead Class Counsel shall provide the Bank with a written confirmation of this fact.

5.6     *Release.*

Upon the Effective Date, the Class Representatives and each of the Class Members (for themselves and their respective heirs, executors, administrators, affiliates, successors and assigns) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims.

5.7     *Payment of Costs, Attorney Fees and Incentive Payments to the Class Representative.*

5.7.1     Subject to Court approval and the occurrence of the Effective Date, the Bank agrees to pay Class Counsel up to ONE HUNDRED FIFTY FIVE THOUSAND AND ONE HUNDRED DOLLARS ($155,100.00) out of the Settlement Fund for all attorney fees and allowable Litigation costs and expenses. The Bank further agrees to pay, subject to approval of the Court, the amount of ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500) out of the Settlement Fund to each named Plaintiff in the Litigation as an incentive payment for the named Plaintiff's services on behalf of the Class. These amounts shall be from the Settlement Fund and shall be paid into an interest bearing escrow account at the NexTier Bank, consistent with instructions to be provided by Lead Class Counsel and approved by the Bank, within (15) fifteen days of the date on which the Court enters the proposed preliminary approval

15

order, or a revised preliminary approval order that is acceptable to the Parties. Interest on the account shall accrue on behalf of Class Counsel for the period of time between the date of initial deposit and the date (10) ten days after the Effective Date, at which time the principal and interest in the account shall be paid to Lead Class Counsel upon joint approval of Class Counsel and the Bank. Lead Class Counsel shall be responsible for allocating the fees among all Class Counsel. If the Effective Date does not occur, all principal and interest shall be returned to Defendant, consistent with instructions to be provided by counsel for Defendant. Payments made pursuant to this Paragraph shall constitute full satisfaction of any claim for fees and/or costs, and the Class Representatives and Class Counsel, on behalf of themselves and all Class Members, agree that they shall not seek nor be entitled to any additional attorney fees or costs under any theory. The Class Representatives and Class Counsel agree that they shall be responsible for justifying the amount of this cost and fee payment to the Court, and they agree to submit the necessary materials to justify this payment along with the motion for final approval of the Agreement. The Bank agrees not to oppose Class Counsels' submission regarding, or request for approval of, this payment of fees or costs provided it is consistent with this Agreement. Lead Class Counsel shall provide counsel for the Bank with the pertinent taxpayer identification number and a Form W-9 for reporting purposes. Other than any reporting of this fee payment as required by this Agreement or law, which the Bank shall make, Class Counsel and the Class Representatives shall alone be responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment made pursuant to this Paragraph.

5.8     *Claims Administration.*

This settlement shall be administered by Lead Class Counsel. The Bank or any Bank Releasees shall have no responsibility or liability for any amounts, costs or fees, including attorneys' fees, related to or arising out of the administration of the settlement, other than those costs expressly provided for in this Agreement.

5.9     *Termination of Settlement.*

16

In the event that the Agreement is not substantially approved by the Court or the settlement set forth in the Agreement is terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment does not become Final, or to the extent termination, cancellation or voiding of the Agreement is otherwise provided, no payments shall be made or distributed to anyone in accordance with the terms of this Agreement, the funds with all accrued interest shall be returned to the Bank within five (5) days, the Settling Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and this Agreement shall be deemed null and void with no effect on the Litigation whatsoever. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Agreement shall be treated as vacated, nunc pro tunc.

5.10 *Miscellaneous Provisions.*

5.10.1 The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

5.10.2 The Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense. The Settling Parties agree that the amounts paid in settlement and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

5.10.3 Neither the Agreement, nor any act performed or document executed pursuant to, or in furtherance of, the Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Bank Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Bank Releasees,

17

or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

        5.10.4     All of the exhibits to the Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

        5.10.5     Except as otherwise provided in this Agreement, each party shall bear its own attorneys' fees and costs.  All Class Members will be responsible for paying any and all income taxes that may be due as a result of their participation in the settlement described in this Agreement.

        5.10.6     The Agreement constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement supersedes any and all prior oral or written understandings, agreements, and arrangements between the Parties with respect to the settlement of the Litigation and the Released Claims.  Except those set forth expressly in this Agreement, there are no other agreements, covenants, promises, representations, or arrangements between the Parties with respect to the settlement of the Litigation and the Released Claims.  This Agreement may be altered, amended, modified, or waived, in whole or in part, only by a writing signed by all Parties to this Agreement, and may not be altered, amended, modified, or waived, in whole or in part, orally or by an unsigned writing of any kind.

        5.10.7     Class Counsel, on behalf of the Class, are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to the Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Agreement on behalf of the Class which they deem appropriates.  Each Party to this Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and/or upon the advice of his, her, or its own counsel, and is not acting in reliance upon any warranty or representation, express or implied, of any nature or kind by any

other Party, other than the warranties and representations expressly made in writing in this Agreement.

5.10.8    Each counsel or other Person executing the Agreement or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

5.10.9    The Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

5.10.10    This Agreement shall be binding upon, and inure to the benefit of, the heirs, administrators, executors, successors and assigns of the Parties hereto; but otherwise this Agreement is not designed to and does not create any type of third party beneficiaries.

5.10.11    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Agreement.

5.10.12    The Agreement and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of Ohio, and the rights and obligations of the parties to the Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Ohio without giving effect to that State's choice of law principles.

5.10.13    The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Agreement. The parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the parties and their counsel. Each party and their counsel cooperated in the drafting and preparation of the Agreement. In any construction to be made of the Agreement, the Agreement shall not be

construed against any party. Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

5.10.14 The Class Representatives and Class Counsel shall not directly or indirectly cause any aspect of this Lawsuit or the terms of this Agreement to be reported to the media or news reporting services.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties, through their counsel, have caused the Agreement to be executed.

KELLIE A. ARTHUR

DATED: _3-17_____, 2010    By:_____

Counsel for Plaintiff and Class
Representative Kellie A. Arthur

JAMES BUECHLER

DATED: _3-17_____, 2010    By:_____

Counsel for Plaintiff and Class
Representative James Buechler

CHANA FRIEDMAN-KATZ

DATED: _____, 2010    By:_____

Counsel for Plaintiff and Class
Representative Chana Friedman-Katz

PAUL GREIFF

DATED: _3-17_____, 2010    By:_____

Counsel for Plaintiff and Class
Representative Paul Greiff

PNC BANK, NATIONAL ASSOCIATION

DATED: _____, 2010    By:_____

Counsel for Defendants

construed against any party.  Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

        5.10.14    The Class Representatives and Class Counsel shall not directly or indirectly cause any aspect of this Lawsuit or the terms of this Agreement to be reported to the media or news reporting services.

        IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties, through their counsel, have caused the Agreement to be executed.

KELLIE A. ARTHUR

DATED: _____, 2010

By:_____
    Counsel for Plaintiff and Class
    Representative Kellie A. Arthur

JAMES BUECHLER

DATED: _____, 2010

By:_____
    Counsel for Plaintiff and Class
    Representative James Buechler

CHANA FRIEDMAN-KATZ

DATED: __3/17__, 2010

By:_____
    Counsel for Plaintiff and Class
    Representative Chana Friedman-Katz

PAUL GREIFF

DATED: _____, 2010

By:_____
    Counsel for Plaintiff and Class
    Representative Paul Greiff

PNC BANK, NATIONAL ASSOCIATION

DATED: _____, 2010

By:_____
    Counsel for Defendants

20

construed against any party.  Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

        5.10.14    The Class Representatives and Class Counsel shall not directly or indirectly cause any aspect of this Lawsuit or the terms of this Agreement to be reported to the media or news reporting services.

        IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties, through their counsel, have caused the Agreement to be executed.

KELLIE A. ARTHUR

DATED: _____, 2010    By:_____
                                  Counsel for Plaintiff and Class
                                  Representative Kellie A. Arthur

JAMES BUECHLER

DATED: _____, 2010    By:_____
                                  Counsel for Plaintiff and Class
                                  Representative James Buechler

CHANA FRIEDMAN-KATZ

DATED: _____, 2010    By:_____
                                  Counsel for Plaintiff and Class
                                  Representative Chana Friedman-Katz

PAUL GREIFF

DATED: _____, 2010    By:_____
                                  Counsel for Plaintiff and Class
                                  Representative Paul Greiff

PNC BANK, NATIONAL ASSOCIATION

DATED: *March 17*, 2010    By: *Melissa L. Zipkowski*
          *outside*    Counsel for Defendant

20

DATED: __3-17__, 2010

By: _____
       GARY F. LYNCH

Carlson Lynch Ltd. - Attorneys for Plaintiffs
Kellie A. Arthur, James Buechler and Paul
Greiff

DATED: _____, 2010

By: _____
       DANIEL A. EDELMAN

Edelman, Combs, Latturner & Goodwin, LLC
- Attorneys for Plaintiff Chana Friedman-Katz

DATED: _____, 2010

By: _____
       MELISSA L. ZUJKOWSKI

Ulmer & Berne, LLP - Attorneys for
Defendants PNC Bank, N.A. and National City
Bank

21

DATED: _____, 2010

By:_____
    BRUCE CARLSON

Carlson Lynch Ltd. - Attorneys for Plaintiffs
Kellie A. Arthur, James Buechler and Paul
Greiff

DATED: _3/17____, 2010

By:_____
    DANIEL A. EDELMAN

Edelman, Combs, Latturner & Goodwin, LLC
- Attorneys for Plaintiff Chana Friedman-Katz

DATED: _____, 2010

By:_____
    MELISSA L. ZUJKOWSKI

Ulmer & Berne, LLP - Attorneys for
Defendants PNC Bank, N.A. and National City
Bank

21

DATED: _____, 2010

By:_____
            BRUCE CARLSON

Carlson Lynch Ltd. - Attorneys for Plaintiffs
Kellie A. Arthur, James Buechler and Paul
Greiff

DATED: _____, 2010

By:_____
            DANIEL A. EDELMAN

Edelman, Combs, Latturner & Goodwin, LLC
- Attorneys for Plaintiff Chana Friedman-Katz

DATED: _March 17_, 2010

By: _Melissa L. Zukowski_
        MELISSA L. ZUKOWSKI

Ulmer & Berne, LLP - Attorneys for
Defendants PNC Bank, N.A. and National City
Bank

21

# **Exhibit A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KELLIE A. ARTHUR, individually and on behalf of all others similarly situated, | ) ) ) | CASE NO. 09-cv-1409 |
| Plaintiff, | ) ) | |
| vs. | ) ) | JUDGE JACK ZOUHARY |
| NATIONAL CITY BANK, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING (Exhibit A)

The Court has considered the Class Action Settlement Agreement and its exhibits, the Parties' motion for an order preliminarily approving a class action settlement, directing the dissemination of notice and setting a final settlement hearing, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1.     All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

2.     The Class Representatives and the Bank Releasees, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3.     The Court concludes that, for the sole purpose of approving this settlement only and for no other purpose, upon the waiver for settlement purposes only of certain defenses on behalf of the Bank Releasees, and with no other effect on the Litigation, should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Rule 23 Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of

all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class Representatives are typical of the claims of the members of the proposed Class; (d) Class Representatives will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives are qualified to serve as counsel for the Class Representatives in their own capacities as well as their representative capacities and for the Class; and, (g) common issues will likely predominate over individual issues;

4.      The moving parties also have presented to the Court for review a Class Action Settlement Agreement.  The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

5.      The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option for Class Members to opt-out of the class action; the option to be represented by counsel of their choosing and to object to the proposed settlement; and/or the option to become a Participating Claimant.  The notice will be published consistent with the Settlement Agreement.  The notice proposed by the Settling Parties is the best practicable under the circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B).

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved;

2.      Notice of the proposed settlement and the rights of Class Members to opt in and/or out of the settlement and/or to become a Participating Claimant shall be given by issuance of publication notice consistent with the terms of the Settlement Agreement by **[INSERT DATE THAT IS  15 DAYS AFTER DATE OF PRELIMINARY APPROVAL**

**ORDER]**.

3. A hearing shall be held before this Court on **[INSERT DATE AND TIME AT LEAST 100 DAYS FROM DATE OF PRELIMINARY APPROVAL ORDER]** to consider whether the settlement should be given final approval by the Court:

(a) Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel on or before the Notice Response Deadline;

(b) At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

(c) Class Counsel and counsel for National City Bank and PNC Bank, National Association should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and,

4. In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

DATED: _____    _____

                                             The Honorable Jack Zouhary

# Exhibit B1

## NOTICE OF CLASS ACTION SETTLEMENT

This notice may affect your rights.  Please read carefully.

### IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO

IN RE: ARTHUR V. NATIONAL CITY BANK, CASE NO.: 09-CV-1409

### SUMMARY NOTICE OF CERTIFIED CLASS ACTION SETTLEMENT

A settlement has been proposed in a lawsuit filed on behalf of all members of the class against PNC Bank, National Association and National City Bank (the "Bank") asserting that the Bank violated certain requirements of the Electronic Funds Transfer Act ("EFTA").

### WHO IS INCLUDED?

All non-PNC and/or non-National City banking customers who were charged a transaction fee at any ATM operated by PNC Bank and/or National City Bank that did not bear an on-machine fee disclosure decal between March 16, 2008 and [PRELIMINARY APPROVAL DATE], **MAY BE ELIGIBLE TO RECEIVE A SETTLEMENT CHECK**, as set forth below.  If you qualify, you must send in a claim form to get benefits, or you can exclude yourself from the settlement, or object to it.

If you believe you are a member of the class, you may view the Full Notice and print a claim form online at www.carlsonlynch.com, or you can request a copy of the Full Notice and Claim Form by calling Lead Class Counsel at 1-800-467-5241, or e-mailing Lead Class Counsel at: bcarlson@carlsonlynch.com.

### WHAT DOES THE SETTLEMENT PROVIDE?

Under the terms of the settlement, the Bank has created a settlement fund in the amount of $470,000.00.  Eligible class members who submit a timely and valid claim are eligible to receive up to a maximum amount of $100.00 from the settlement fund.  A Full Notice describing the Settlement in more detail is available at the website above.

### WHAT ARE YOUR OTHER OPTIONS?

If you do not want to be legally bound by the settlement, you must exclude yourself by **[45 days after publication notice]**, or you won't be able to sue, or continue to sue, the Bank about the legal claims in this case.  If you exclude yourself, you can't get a Settlement Check from this settlement.  If you stay in the settlement, you may object to it by **[45 days after publication notice]**.  The Full Notice contains important information regarding the rights, obligations, requirements, and deadlines for class members to participate in the Settlement, to exclude themselves from the Settlement, or to object.

If you wish to communicate with class counsel identified above, you may do so by writing to R. Bruce Carlson at Carlson Lynch Ltd, 231 Melville Lane, P.O. Box 367, Sewickley, PA 15143.  Alternatively, you may call the offices of the firm at its toll free number 1-800-467-5241.

IF YOU HAVE ANY QUESTIONS OR CONCERNS, ADDRESS ALL INQUIRIES IN THE MANNER SET FORTH ABOVE.  THE COURT AND THE CLERK WILL NOT ANSWER LEGAL QUESTIONS FROM INDIVIDUAL CLAIMANTS.  BY ISSUING THIS NOTICE, THE COURT EXPRESSES NO OPINION AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED IN THIS CIVIL ACTION.  **PLEASE DO NOT CONTACT THE COURT.**

### PNC BANK ATM FEE SETTLEMENT CLAIM FORM

**Mail to: CARLSON LYNCH LTD., [address]**

**Name:** _____

**Address:** _____

**Phone:** _____

### CHECK THE APPROPRIATE BOX BELOW:

☐  **I have included with this Claim Form one or more ATM receipts, or relevant portions of my bank statement(s), illustrating that I was charged an ATM fee by PNC Bank and/or National City Bank between March and DATE.  I understand that if the ATM machine associated with my transaction is not on the list of those particular ATM machines agreed upon by Class Counsel and Bank Counsel to have been missing an on-machine fee disclosure decal during the Class Period, I will be asked to submit additional verification before my claim will be considered.**

☐  **I have NOT included with this Claim Form a receipt or bank statement but I certify that I was charged a transaction fee at the PNC Bank or National City Bank ATM located at _____ on _____ (approximate date of visit) and the last four digits of the account number on the card used were _____.  I understand that if the ATM machine associated with my transaction is not on the list of those particular ATM machines agreed upon by Class Counsel and Bank Counsel to have been missing an on-machine fee disclosure decal during the Class Period, I will be asked to submit additional verification before my claim will be considered.**

**I understand that the foregoing information may be used for purposes of verifying my claim, and I certify, under penalty of perjury, that the statements and information contained herein are truthful and accurate.**

**ALL CLAIM FORMS MUST BE POSTMARKED BY: [120 days after publication notice]**

# **Exhibit B2**

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO

### IN RE:  ARTHUR V. NATIONAL CITY BANK,
### CASE NO.: 09-CV-1409

### NOTICE OF CLASS ACTION SETTLEMENT

- All Non-PNC and/or Non-National City customers who were charged a transaction fee at an ATM operated by PNC Bank and/or National City Bank that did not bear an on-machine fee disclosure decal between March 16, 2008, and [PRELIMINARY APPROVAL DATE] may be eligible to receive a Settlement Check.

- The settlement resolves litigation alleging that PNC Bank, National Association and National City Bank (the "Bank") violated certain requirements imposed by the Electronic Funds Transfer Act ("EFTA").  It avoids costs and risks to you from continuing the litigation; entitles certain persons to Settlement Checks; and releases the Bank from any liability.

- Your legal rights are affected whether you act, or do not act.  Please read this notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a Settlement Check. |
| **EXCLUDE YOURSELF** | Get no Settlement Check.  This is the only option that allows you to ever be part of any other lawsuit against the Bank about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

**1.     What is this lawsuit about?**

Kellie A. Arthur, James T. Buechler, Paul Greiff, and Chana Friedman-Katz ("Plaintiffs"), on behalf of all members of the class, have asserted that National City Bank and PNC Bank, National Association (the "Bank") violated certain requirements imposed by the Electronic Funds Transfer Act ("EFTA"). Specifically, Plaintiffs claim that certain ATMs operated by the Bank did not meet the EFTA's ATM fee surcharge disclosure rules by failing to post certain external signage disclosing the fee, and that the Bank therefore was not permitted to charge ATM transaction fees to non-customers at that ATM during the Class Period, as specifically set forth in the Complaint on file and available at the US Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio, 43604. The Bank disclosed the fee on the computer screen, but Plaintiffs claim that the Bank was required to post external notices on the ATM. The Bank denies any liability or wrongdoing.

**2.     Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case Kellie A. Arthur, James T. Buechler, Paul Greiff, and Chana Friedman-Katz), sue on behalf of people who are similarly situated and have similar claims. All these people are Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**3.     Why is there a settlement?**

The Court did not decide in favor of Plaintiffs or Defendant. The Plaintiffs think they could have prevailed at a trial. The Defendant thinks the Plaintiffs would not have prevailed at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

**4.     How do I know if I am part of the settlement?**

The Court decided that everyone who fits this description is a Class Member:

> All persons who were not banking customers of National City Bank and/or PNC Bank, National Association and who were charged or assessed any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at any of the ATMs at Issue that did not bear an on-machine fee disclosure decal between March 16, 2008 through [PRELIMINARY APPROVAL DATE].

**5.      I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for free help.  You can call Lead Class Counsel at 1-800-467-5241 or you can fill out and return the claim form to see if you qualify.

**6.      What does the settlement provide?**

Class members who send in a valid claim form and one or more receipts issued between March 16, 2008 and [PRELIMINARY APPROVAL DATE] demonstrating that they were charged an ATM transaction fee by the Bank at an ATM that did not bear an on-machine fee disclosure decal, or the relevant portion of a bank statement illustrating that they were charged an ATM transaction fee by the Bank at an ATM that did not bear an on-machine fee disclosure decal will be entitled to receive a *pro rata* share of the $470,000.00 settlement fund, with a maximum payment of $100.00 per Participating Class Member.  Class Members whose transaction relates to an ATM machine that is not on the list of those particular ATM machines agreed upon by Class Counsel and the Bank to have been missing an on-machine fee disclosure decal during the Class Period will be required to submit additional verification demonstrating that the ATM machine associated with their transaction was missing an on-machine fee disclosure decal at the time of their transaction.

The Settlement also imposes certain other requirements, which are set forth in detail in the Settlement Agreement.

**7.      How can I get a Settlement Check?**

If you believe you are a member of the class and desire to participate in this settlement, you should completely fill out the "Proof of Claim" form that accompanies this Notice and return it to the Lead Class Counsel at following address:  Carlson Lynch, Ltd, 231 Melville Lane, P.O. Box 367, Sewickley, PA 15143.    The "Proof of Claim" must be postmarked by **[PUBLICATION date + 120 days]**.

If you have one or more receipts that show that you were charged an ATM transaction fee by the Bank, or the relevant party of a bank statement that shows that you were charged an ATM transaction fee by the Bank, be sure to include them with the claim form.

If you don't have a receipt or a bank statement, you can still receive a settlement payment if you check the box on the claim form attesting, under penalty of perjury, to the fact that you were charged at ATM transaction fee during the Class Period and providing the last four digits of the credit or debit card that was used in connection with the transaction in connection with which you were charged a fee.  If you choose this option, the information that you provide will be used to verify your claim.

If the ATM machine associated with your transaction is not on the list of those particular ATM machines agreed upon by Class Counsel and the Bank to have been missing an on-machine fee disclosure decal during the Class Period, you will be asked to submit additional verification

before your claim will be considered.

You can also submit a claim form online.  **CLAIMS FOR WHICH RECEIPTS OR BANK STATEMENTS ARE ATTACHED MUST BE MAILED.**  Failure to fully follow the procedures will result in a class member receiving no relief under the settlement, but nonetheless being bound by any judgments, orders and releases in this case.

**8.      When would I get my Settlement Check?**

The Court will hold a hearing on **[INSERT DATE – NO EARLIER THAN 100 DAYS AFTER PRELIMINARY APPROVAL]**, to decide whether to approve the settlement.  If Judge Zouhary approves the settlement, after that, there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

**9.      What am I giving up to get a Settlement check or stay in the Class?**

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against National City Bank and/or PNC Bank, National Association or the other entities released in the settlement agreement about the legal issues in *this case*.  It also means that all of the Court's orders will apply to you and legally bind you.

**10.     Can I exclude myself from the Class?**

If you do not wish to participate in this settlement, you must notify Class Counsel in writing of your intention to be excluded.  Your election to opt-out must contain the following information and must be signed by the class member opting-out: (1) the name of class member, (2) the current address of class member, and (3) the date signed.  You must mail your exclusion request postmarked no later than **[publication date + 45]** to:

PNC Bank Exclusions
c/o Carlson Lynch Ltd.
P.O. Box 367
Sewickley, PA  15143

If you ask to be excluded, you will not get a Settlement Check, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue National City Bank and/or PNC Bank, National Association or the other entities released in the settlement agreement in the future regarding the legal issues in this case.

**11.     If I don't exclude myself, can I sue the Bank for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue National City Bank and/or PNC Bank, National Association and the other entities released in the settlement agreement for the claims that this settlement resolves.  If you have a pending lawsuit, involving the same claims

that this settlement resolves, speak to your lawyer in that case immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  If you have a pending lawsuit on matters not addressed in this settlement, you may continue that lawsuit against the Bank.

**12.    If I exclude myself, can I get a Settlement Check from this Settlement?**

No.  If you exclude yourself, do not send in a claim form to ask for a Settlement Check.

**13.    Do I have a lawyer in this case?**

The law firms of Carlson Lynch Ltd.; The Law Offices of Steven D. Bell; The Law Offices of E. David Hoskins, LLC; and Edelman, Combs, Latturner & Goodwin, LLC represent you and other Class Members.  These lawyers are called Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.    How will these lawyers be paid?**

Class counsel will ask the Court to approve payment of attorneys' fees and expenses of $155,100.  The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  In addition, class counsel will ask for payments of $1,500.00 to Kellie A. Arthur, James T. Buechler, Paul Greiff, and Chana Friedman-Katz for their service as Class Representatives.  The Bank will pay the fees, expenses, and payments that the Court awards out of the Settlement Fund,  up to those maximum amounts.  The Bank has agreed not to oppose the request for these fees and expenses.

**15.    How can I object to the Settlement?**

If you are a Class Member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter that you object to the class settlement in *Arthur v. National City Bank*.  Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement.  You must file the objection with the Clerk of the Court and serve notice of the objection to plaintiffs' class counsel and defense counsel at the following addresses postmarked no later than **[publication date + 45]**:

R. Bruce Carlson, Esq.
Carlson Lynch Ltd.
231 Melville Lane
P.O. Box 367
Sewickley, PA 15143

Melissa L. Zujkowski, Esq.
Ulmer & Berne
1100 Skylight Office Tower
1660 West Second Street

Cleveland, OH 44113

Objectors who fail to properly or timely file their objections with the Court, or to serve them as provided above, shall not be heard during the Fairness Hearing, nor shall their objections be considered by the Court.

**16.     What's the difference between objecting and excluding?**

Objecting is telling the Court that you do not agree with the settlement, in whole or in part. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**17.     When and where will the Court decide whether to approve the Settlement?**

The District Court will hold a hearing to decide whether to approve the settlement. The Fairness Hearing will be held on **[INSERT DATE – NO EARLIER THAN 100 DAYS AFTER PRELIMINARY APPROVAL]** at the Court, 1716 Spielbusch Avenue, Toledo, OH 43604. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections or requests to be heard, the Court may consider them at the hearing. The Court may also decide the amount of attorneys' fees and costs to be paid to plaintiffs' class counsel.

**18.     Do I have to come to the Hearing?**

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**19.     May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear" in *Arthur v. National City Bank*, No. 09-cv-1409. Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **[publication date + 45]**, and be sent to the Clerk of the Court and Class Counsel at the addresses in question 15. You cannot speak at the hearing if you excluded yourself.

**20.     What happens if I do nothing at all?**

If you do nothing, you will not get a Settlement Check from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Bank about the legal issues in this case, ever again.

**21.     How do I get more information?**

The foregoing is only a summary of the circumstances surrounding the litigation, the claims asserted, the class, the settlement, and related matters.  You may seek the advice and guidance of your own private attorney, at your own expense, if you desire.  For more detailed information, you may review the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the Court, 1716 Spielbusch Avenue, Toledo, OH 43604.  If you wish to communicate with class counsel identified above, you may do so by writing to Lead Class Counsel, R. Bruce Carlson, Carlson Lynch Ltd., 231 Melville Lane, P.O. Box 367, Sewickley, PA, 15143.  Alternatively, you may call the offices of the firm at its toll free number [1-800-467-5241].

1818812v1
35213.00005

# **Exhibit B3**

**Exhibit B3**

## NOTICE OF ATM FEE SETTLEMENT

If you are <u>not</u> a banking customer of PNC Bank [or National City Bank] and you used this ATM machine between March 16, 2008 and **[PRELIMINARY APPROVAL DATE]** <u>and</u> were charged a transaction fee for use of the ATM machine, you may be eligible to share in a settlement fund created pursuant to a class action settlement in *Arthur v. National City Bank,* Case No. 09-1409 (N.D. Ohio).  Please call 1-800-467-5241 or visit www.carlsonlynch.com for more information.

1818808v1
35213.00005

# **Exhibit B4**

## PNC BANK ATM FEE SETTLEMENT CLAIM FORM

### Mail to:  CARLSON LYNCH LTD., [address]

Name: _____

Address: _____

Phone: _____

**CHECK THE APPROPRIATE BOX BELOW:**

☐  I have included with this Claim Form one or more ATM receipts, or relevant portions of my bank statement(s), illustrating that I was charged an ATM fee by PNC Bank and/or National City Bank between March  and DATE.  I understand that if the ATM machine associated with my transaction is not on the list of those particular ATM machines agreed upon by Class Counsel and Bank Counsel to have been missing an on-machine fee disclosure decal during the Class Period, I will be asked to submit additional verification before my claim will be considered.

☐  I have NOT included with this Claim Form a receipt or bank statement but I certify that I was charged a transaction fee at the PNC Bank or National City Bank ATM located at _____  on _____ (approximate date of visit) and the last four digits of the account number on the card used were _____.  I understand that if the ATM machine associated with my transaction is not on the list of those particular ATM machines agreed upon by Class Counsel and Bank Counsel to have been missing an on-machine fee disclosure decal during the Class Period, I will be asked to submit additional verification before my claim will be considered.

I understand that the foregoing information may be used for purposes of verifying my claim, and I certify, under penalty of perjury, that the statements and information contained herein are truthful and accurate.

**ALL CLAIM FORMS MUST BE POSTMARKED BY:  [120days after publication notice]**

# **Exhibit C**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| KELLIE A. ARTHUR, individually and on behalf of all others similarly situated, | ) ) ) | CASE NO. 09-cv-1409 |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | JUDGE JACK ZOUHARY |
| NATIONAL CITY BANK, | ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT (Exhibit C)

Having considered the Class Action Settlement Agreement ("Settlement") and all other related materials properly before the Court and having conducted an inquiry pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement is fair, reasonable, and adequate, and on this basis approves the Settlement in its entirety.  The Court will simultaneously, or the Clerk of the Court shall, enter the Judgment as set forth in the Settlement Agreement.  Lead Class Counsel shall disseminate class relief to Participating Claimants, and otherwise effectuate the Settlement, consistent with the terms of the Settlement Agreement.


DATED: _____    _____
                                                         The Honorable Jack Zouhary

# **<u>Exhibit D</u>**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| KELLIE A. ARTHUR, individually and on behalf of all others similarly situated, | ) CASE NO. 09-cv-1409 |
| Plaintiff, | ) |
| vs. | ) JUDGE JACK ZOUHARY |
| NATIONAL CITY BANK, | ) |
| Defendant. | ) |

## [PROPOSED] JUDGMENT (EXHIBIT D)

This matter came on for hearing upon the Parties' application for approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts the Class Action Settlement Agreement filed in this case.

2.    The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the other Members of the Settlement Class and National City Bank and PNC Bank, National Association.

3.    The Court finds that the distribution of the Notice to Class Members Re: Pendency of Class Action, as provided for in the Order Granting Preliminary Approval for the Settlement, constitutes the best notice practicable under the circumstances to all Persons within the definition of the Class and fully met the requirements of Fed. R. Civ. P. 23 and due process

under the United States Constitution.

4.    The Court finds in favor of settlement approval.

5.    The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement and other terms, as fair, just, reasonable and adequate as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

6.    Except as to any individual claim of those persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Class, all of the Released Claims are dismissed with prejudice as to the Class Representatives and the other Members of the Class.  The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement.

7.    Solely for purposes of effectuating this Settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in the Settlement Agreement.

8.    With respect to the Rule 23 Class and for purposes of approving this settlement only, this Court finds and concludes that:  (a) the Members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class, and there is a well-defined community of interest among Members of the Rule 23 Class with respect to the subject matter of the Litigation; (c) the claims of Class Representatives are typical of the claims of the Members of the Rule 23 Class; (d) the Class Representatives have fairly and adequately protected the interests of the Members of the Rule 23 Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues; and (f) the counsel of record for the Class Representatives, i.e., Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Rule 23 Class.

9.    By this Judgment, the Class Representatives shall release, relinquish and

discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Bank Releasees that accrued at any time on or prior to the date of Preliminary Approval for any type of relief whatsoever, including, without limitation, compensatory damages, treble damages, unpaid costs, penalties, statutory damages, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, rescission, or equitable relief, based on any and all claims which are or could have been raised in the Litigation either individually or on a class-wide basis or which arise out of or are in any way related to: (i) the Bank's alleged failure to provide adequate notice or disclosure as may be required by applicable law at any of the ATMs at Issue; (ii) the charging, collection or assessment of any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at any of the ATMs at Issue between March 16, 2008 and **[PRELIMINARY APPROVAL DATE]**, inclusive; and (iii) any purported violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, or any consumer protection statute, or omission, incorrect disclosure, representation or misrepresentation, unfair business or trade practice that in any way relates to or arises from any disclosure or non-disclosure or the charging, collection or assessment of any transaction fee at any of the ATMs at Issue between March 16, 2008 **[PRELIMINARY APPROVAL DATE]**. This action is hereby dismissed in its entirety with prejudice.

        10.    Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Bank Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Bank Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Bank Releasees may file the Settlement Agreement and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim

based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     The only Settlement Class Members entitled to relief pursuant to this Judgment are Participating Claimants. Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

12.     National City Bank and PNC Bank, National Association have agreed to pay up to $155,100 for Class Counsel's reasonable attorneys' fees and any allowable costs in this matter. The Court finds that the amount of fees and costs requested by Class Counsel are fair and reasonable. National City Bank and PNC Bank, National Association are directed to make such payments in accordance with the terms of the Settlement Agreement.

13.     The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class and National City Bank and PNC Bank, National Association for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

14.     This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.


IT IS SO ORDERED.


DATED: _____        _____
                                  The Honorable Jack Zouhary


1818807v1
35213.00005